(No. 730—Claimant awarded $4,250.00.)

ALFRED DECKER & COHN INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

FRANCHISE TAX—*when refund will be made. Tax illegally assessed.* Where the franchise tax has been illegally assessed by the Secretary of State, and is paid, the claimant is entitled to a refund of the difference between the amount of the tax illegally paid and the amount of the tax legally due the State.

JOHNSON, MORAN, PALTZER & O'DONNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; EDWARD C. FITCH, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This case comes before the court on declaration and amended declaration, filed by claimant in above entitled cause, to recover moneys paid to the Secretary of State under duress as and for its franchise taxes for the year beginning July 1, 1921, and ending June 30, 1922, in excess of the amount

legally due to the State under the provisions of the General Corporation Act. Declaration sets forth that the total authorized capital stock of $4,000,000 was divided into 25,000 shares of preferred stock of the par value of $100 per share and 100,000 shares of common stock without nominal or par value, which was issued and paid for in full in property of the appraised value of $1,500,000 at the time of the organization of the corporation, all of which is fully set forth in the charter of claimant on file in the office of the Secretary of State of the State of Illinois; that the subscription list copied into and forming a part of the application and charter of this corporation showed that all the authorized capital stock was subscribed for, the par value preferred stock being subscribed for at $100 per share and the common stock without nominal or par value being subscribed for at $15 per share; that said charter and the application therefor showed said subscriptions and the names of the subscribers and that the entire amount of the stock was subscribed and paid for in cash and property; that between the first day of February and the first day of March, 1921, it duly executed and filed in the office of the Secretary of State the annual report required by law, and in said report set forth that it was willing to be assessed and to pay a franchise tax upon all of its authorized capital stock and also that its total authorized capital stock consisted of preferred stock in the amount of $2,500,000 and 100,000 shares of no par value common stock, as appears by said report on file in the office of the Secretary of State; that prior to May 15, 1921, Louis L. Emmerson, Secretary of State of the State of Illinois, sent to it a written notice, wherein the claimant was notified to pay as and for its franchise taxes for the year beginning July 1, 1921, the sum of $6250, stating that the same was computed upon the authorized capital stock and setting forth the penalties provided in the Genearl Corporation Act and hereinafter set forth, stating that said penalties would be imposed upon the claimant unless said tax was paid on or before July 31, 1921; that said notice further set forth that the tax was reckoned at the rate of five cents per one hundred dollars upon the authorized capital stock, consisting of $2,500,000 of preferred par value stock and 100,000 shares of no par value stock, making a total of $12,500,000; and claimant alleges that in arriving at said total of the authorized capital stock the Secretary of State considered each share of no par value to be of the par value of $100 a share and hence

assessed the total authorized capital stock of this corporation at $12,500,000, instead of $4,000,000, and computed the tax rate upon said former figure; that there was no authority in law for the Secretary of State to make such assessment and that its authorized capital stock should have been assessed as of the sum of $4,000,000, and that the tax should be computed upon that figure at the rate of five cents for each one hundred dollars, and that upon such computation its proper tax should have been $2000 instead of the sum of $6250.00, as set forth in said notice; that on July 25, 1921, it paid to the State of Illinois, by payment to Louis L. Emmerson, as Secretary of State for the State of Illinois, the sum of $6250.00, and claimant alleges that the sum of $4250.00 of the moneys so paid was not legally due to State of Illinois under the statute imposing said tax and that the Supreme Court has since decided that the assessment of franchise taxes by the Secretary of State against corporations upon a figure derived by assessing each share of no par value stock as though it were of the par value of $100 a share was erroneous and not authorized by the statute, and that the Supreme Court further decided that the Secretary of State should assess the corporation upon the total amount of its authorized capital stock as shown by its charter, whether the authorized capital stock was divided into shares of par value or shares of no par value, and that the total amount of authorized capital stock means the total sum of money necessary to be paid into the treasury of the corporation to secure the issuance of the total number of shares of stock authorized by the articles of incorporation, and claimant alleges that said sum of money necessary to secure the issuance of all the shares of stock authorized by its articles of incorporation was $4,000,000; that it was induced to make said excessive payment of $6,250.00, of which $4,250.00 was not legally due, by means of duress and through fear that the State of Illinois would enforce the statute and impose the penalties provided in the statute applying to corporations which fail to pay their franchise taxes; that the statutes of the State of Illinois provided a penalty of 5% per month for each month, beginning with August, during which the tax remained unpaid; that the statute further authorized the Secretary of State to cause the personal property of the delinquent corporation to be seized and sold for the payment of the tax; that the statute provided that all contracts made by the corporation while delinquent in the payment of such tax

should be unenforceable and that no action could be maintained upon them either at law or in equity; that the statute further provided that the tax should be a lien upon both the real and personal property of the corporation until paid and directed the Attorney General to file an information in equity against the delinquent corporation for the dissolution of the corporation.    In the amendment to its original declaration claimant asks damages in the total sum of $6,250.00, setting forth that the General Corporation Act imposing said franchise tax is unconstitutional.

The demurrer filed by the Attorney General of the State of Illinois, is, as a matter of law, sustained.

We note that one of the grounds of complaint in each of the franchise cases which have come up for hearing is that the Secretary of State, in computing the amount of the authorized capital stock of each of the claimants, took the total amount of the authorized capital stock represented by the par value shares and added to it a sum derived by multiplying the number of no par value shares authorized by one hundred; the total of these two sums he took as the total amount of the authorized capital stock and computed the tax in each instance on that sum.    He had no authority in law to do this, but should have taken the issue price of the no par shares and multiplied it by the number of no par shares and added that result to the total par value of the par shares.    The State has collected this money without right, and we, in equity and good conscience, award claimant the sum of $4,250.00, the amount paid in excess of that which it was legally responsible for under the General Corporation Act.